UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACQUELIN VAUGHN,

        Plaintiff,

    v.

SANOFI-AVENTIS U.S. LLC, et al,

        Defendants.

Case No. 2:23-cv-02702-KES-SKO

ORDER DIRECTING THE CLERK OF COURT TO CLOSE THE CASE

(Doc. 31)

On February 9, 2025, the parties filed a joint stipulation dismissing the action without prejudice.[1]  (Doc. 31.)  In light of the parties' stipulation, this action has been terminated, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed without prejudice.  Accordingly, the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**February 10, 2025**__          _____/s/ *Sheila K. Oberto*_____
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The parties' stipulation also provided that "[t]he Court shall retain jurisdiction to enforce the settlement between the Parties pursuant to California Code of Civil Procedure § 664.6."  (*See* Doc. 31-1.)  Without deciding the question of whether, under *Erie*, it is obligated to apply § 664.6, the Court in its discretion declines to adopt this portion of the stipulation.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994); *Camacho v. City of San Luis*, 359 F. App'x 794, 798 (9th Cir. 2009); *California Sportfishing Prot. All. v. Agric. Mgmt. & Prod. Co., Inc.*, No. 2:14-cv-02328-KJM-AC, 2016 WL 4796841, at *1 (E.D. Cal. Sept. 14, 2016) (noting that "the court in its discretion typically declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement.").  *See also Hartley v. On My Own, Inc.*, No. 2:17-CV-00353-KJM-EFB, 2020 WL 5017608, at *7 (E.D. Cal. Aug. 25, 2020) ("[T]he court in its discretion declines to retain jurisdiction over enforcement of the settlement under California Civil Procedure Code section 664.6.").